## Lytle v. Lytle

*Samuel D. Braemer*, for plaintiff.

MORROW, J., April 27, 1950.—The complaint in this case was filed July 19, 1949. It recites that defendant is a citizen of England, with last known address at 92 Bayham Street, Camden Town, London, England, and that the marriage was on September 29, 1945, at Tidworth, England. It does not appear that at the commencement of the action notice was sent to the British consular representative in Pennsylvania, in accordance with Pa. R. C. P. 1124(c), although from subsequent proceedings we deduce that such representative was registered with the Prothonotary of the Supreme Court for the Eastern District of Pennsylvania. No service of the complaint was made under any provision of Pa. R. C. P. 1124(a) or (b). Under date of January 27, 1950, the attorney for plaintiff directed reinstatement of the complaint. The reinstated complaint was not

served under any of the subdivisions of Pa. R. C. P. 1124 (*a*). It would seem that service might have been made under subdivision (*a*) 3 (*b*) by sending defendant a copy by registered mail. This service not having been made, the next step would appear to have been for the sheriff to make a return of "Not Found", following which plaintiff could have had service by publication in accordance with Pa. R. C. P. 1124 (*b*). Instead of having service on defendant in one of the ways prescribed, counsel for plaintiff evidently concluded that having the sheriff send by registered mail a copy of the complaint to H. E. McClelland, British consul or representative at Philadelphia, would be a sufficient service, and accordingly this was done on February 7, 1950. This notice under Pa. R. C. P. 1124 (*c*) is an additional requirement when the facts come within the provisions of subdivision (*c*), and, as we view the matter, it is not a substitute for service of the complaint on defendant by some one of the methods stated in Pa. R. C. P. 1124 (*a*) and (*b*). Therefore, service on the defendant has never been made. This conclusion is in line with Galli v. Galli, 68 D. & C. 396, where it is held:

"Under Pa. R. C. P. 1124, where a respondent in divorce is a resident of a foreign country but his address is known, the complaint must be served personally or by registered mail in accordance with subdivision a—3 (a) or (b), and in addition, notice of pendency of the action must be given by registered mail to the diplomatic or consular representative under subdivision (c) ; compliance with subdivision (c) alone is insufficient."

After the master was appointed he failed to observe rule 19 of this court, adopted June 21, 1948, with respect to giving notice of this hearing. Section 6 of this rule reads in part as follows:

"The master shall give at least ten (10) days' notice in writing of the time and place fixed for the hearing

to the attorneys of record for both parties. If there is no appearance for the defendant, the notice shall be served on him personally, or by registered mail if the address is known, or by publication if the address is unknown. Notice by mail is not valid if the return receipt is not signed by the addressee personally. If notice is given by publication, it shall be published once in The Fayette Legal Journal and in one newspaper of general circulation printed in this county."

Instead, the master under date of March 7, 1950, had counsel for plaintiff accept notice of his hearing on March 25, 1950, and sent by registered mail a notice of the hearing to the British Consulate General at Philadelphia. The master had his hearing on March 25, 1950, at 10 a.m. Defendant did not appear in person, nor was she represented by counsel. The master's report was filed March 30, 1950.

Pa. R. C. P. 1133(b) reads:

"If a copy of the complaint has been mailed to a diplomatic or consular representative as required by Rule 1124(c), no hearing shall be held until sixty (60) days after mailing."

From the foregoing it will be observed that a copy of the complaint was mailed to the consular representative February 7, 1950, and the master had his hearing on March 25, 1950, in disregard of the rule last quoted, and without any notice to defendant as required by section 6 of rule 19 of this court, quoted above. The Pennsylvania Rules of Civil Procedure governing actions of divorce do not require notice by the master to the consular representative but the master must not hold a hearing until 60 days after the mailing by plaintiff of the required notice to him.

Sufficient has been pointed out to show that under the procedure here followed this court does not have jurisdiction to consider and act upon the testimony and the master's report.

*Order*

And now, April 27, 1950, it is directed that all the papers herein be returned to the prothonotary's office, with leave to plaintiff to have his complaint reinstated and to proceed in accordance with the Pennsylvania Rules of Civil Procedure and the rules of this court governing actions of divorce.